FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 MAY 23 P 2: 18

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

MARK JONES,

    Plaintiff,

v.

    Case No.: GJH-16-1302

KATHLEEN GREEN,

    Defendant.

## MEMORANDUM OPINION

Mark Jones is an inmate presently housed at the Eastern Correctional Institutional in Westover, Maryland. He filed this Complaint and a Motion for Leave to proceed in Forma Pauperis on May 2, 2016. ECF Nos. 1, 2. Jones generally alleges he is "denied programs as well as a transfer to better rehabilitate" himself in violation of his right to due process. ECF No. 1. He alleges Defendant "is all about warehousing as oppose [sic] to rehabilitate me." *Id.* As relief, he seeks transfer to a facility closer to his home. Plaintiff's financial affidavit indicates he is indigent and he will be granted leave to proceed in forma pauperis for the purpose of preliminary review of the Complaint.

This Complaint was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires a court to dismiss any claim that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* 28 U.S.C. § 1915A(b)(1) The Court is mindful of its obligation to liberally construe the pleadings of pro se

litigants such as Jones. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S. Ct. 1955 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

To sustain an action under 42 U.S.C. § 1983, Jones must demonstrate that (1) he suffered a deprivation of rights secured by the Constitution of the United States and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988). As noted, Jones claims that his right to due process has been violated.

The Fourteenth Amendment's Due Process Clause guarantees that no state shall "deprive any person of . . . liberty . . . without due process of law." To succeed on a due process claim, a plaintiff must first show the existence of a protected property or liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893 (1976); *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S. Ct. 2593 (1972). Imprisonment is a deprivation of a liberty interest, but it is constitutionally permissible, provided that the conviction is valid and "the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224, 96 S. Ct. 2532 (1976), *see also Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293 (1995) (requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest). "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison

system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum*, 427 U.S. at 224.

There is no constitutional right for an inmate prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution, nor does a prisoner have a right to participate in a particular program. *See Sandin*, 515 U.S. at 484 (concluding that protected liberty interests are generally limited to freedom from restraint which imposes atypical and significant hardship on an inmate in relation to ordinary incidents of prison life); *McKune v. Lile*, 536 U.S. 24, 26, 122 S. Ct. 2017 (2002) ("The decision where to house inmates is at the core of prison administrators' expertise."); *Meachum*, 427 U.S. at 225 ("Neither, in our view, does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system."); *see also Olim v. Wakinekona*, 461 U.S. 238, 24445, 103 S. Ct. 1741 (1983).

Further, although educational programming may serve an important rehabilitative function, the law is well settled that an inmate has no constitutional due process right to participate in a rehabilitative program. *See, e.g.*, *Moody v. Daggett*, 429 U.S. 78, 88, 97 n.9, 97 S. Ct. 274(1976). Plaintiff has no constitutionally protected right to educational programming.

The allegations concerning lack of programming or an opportunity to transfer to another correctional facility to be closer to home fail to set forth a federal claim for violation of due process. Accordingly, the Court will dismiss this case for failure to state a claim upon which relief may be granted by separate order to follow.

Dated: May 20, 2016

GEORGE J. HAZEL
United States District Judge